```
                          United States Bankruptcy Court
                             Middle District of Florida
In re:                                                         Case No. 20-00966-MGW
Angela Patricia Cox                                            Chapter 13
         Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 113A-8          User: kbrickner           Page 1 of 1           Date Rcvd: Feb 05, 2020
                              Form ID: 309I             Total Noticed: 21
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 07, 2020.
db             Angela Patricia Cox,    528 Orange Cosmos Boulevard,    Davenport, FL 33837
28769319       AdventHealth EMS,    PO Box 18230,    Pittsburgh, PA 15236-0230
28769320       Central Florida Pathology,    PO Box 919465,    Orlando, FL 32891-0001
28769321       Credit Acceptance,    PO Box 551888,    Detroit, MI 48255-1888
28769322      +Credit Acceptance Corp,    PO Box 5070,    Southfield, MI 48086-5070
28769323       Fairwinds Credit Union c/o,    Heckman Law Group,    PO Box 12492,    Tallahassee, FL 32317-2492
28769324       Fl Emerg Phys Kang & Assoc.,    PO Box 740022,    Cincinnati, OH 45274-0022
28769326      +Florida Hospital c/o,    Phoenix Financial Srvc,    PO Box 361450,    Indianapolis, IN 46236-1450
28769327       Marc John Cox,    528 Orange Cosmos Boulevard,    Davenport, FL 33837
28769328      +Nationstar Mtg/Mr. Cooper,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
28769330       QVC, Inc. c/o,    Nationwide Credit, Inc.,    PO Box 14581,    Des Moines, IA 50306-3581
28769329      +Quality First Builders, LLC,    4500 36th Street,    Orlando, FL 32811-6526
28769331      +U.S. Bank, NA c/o,    Shapiro, Fishman & Gache,    4630 Woodland Corporate Blvd,    Suite 100,
                Tampa, FL 33614-2429
28769332       University Behavioral Center,    2500 Discovery Drive,    Orlando, FL 32826-3711
28769333      +Watersong HOA c/o,    Larsen & Associates, P.L.,    300 S. Orange Avenue,    Suite 1575,
                Orlando, FL 32801-3348
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty            E-mail/Text: bkry@kraskerlaw.com Feb 06 2020 00:12:43     Jeffrey S Hochfelsen,
                Law Office of Paul A. Krasker, P.A.,    1615 Forum Place, 5th Floor,
                West Palm Beach, FL  33401
tr            +E-mail/Text: filing@payorelse13.com Feb 06 2020 00:14:59     Kelly Remick,
                Chapter 13 Standing Trustee,    Post Office Box 6099,    Sun City, FL 33571-6099
ust           +E-mail/Text: ustpregion21.tp.ecf@usdoj.gov Feb 06 2020 00:14:57
                United States Trustee - TPA7/13, 7,    Timberlake Annex, Suite 1200,    501 E Polk Street,
                Tampa, FL 33602-3949
28769318       EDI: FLDEPREV.COM Feb 06 2020 05:03:00      Department of Revenue,    PO Box 6668,
                Tallahassee, FL 32314-6668
28769325      +E-mail/Text: info@phoenixfinancialsvcs.com Feb 06 2020 00:13:03
                Florida Emergency Physicians,    c/o Phoenix Financial Srvc,    PO Box 361450,
                Indianapolis, IN 46236-1450
28769317       EDI: IRS.COM Feb 06 2020 05:04:00      Internal Revenue Service,    P.O. Box 7346,
                Philadelphia, PA 19101-7346
                                                                                              TOTAL: 6
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2020                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 5, 2020 at the address(es) listed below:
              Jeffrey S Hochfelsen    on behalf of Debtor Angela Patricia Cox bkry@kraskerlaw.com,
               jhochfelsen@kraskerlaw.com
              Kelly Remick    ecf@ch13tampa.com
              United States Trustee - TPA7/13, 7    USTPRegion21.TP.ECF@USDOJ.GOV
                                                                                             TOTAL: 3
```

| **Information to identify the case:** | | | |
|---|---|---|---|
| Debtor 1 | **Angela Patricia Cox** | Social Security number or ITIN | **xxx–xx–2970** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Middle District of Florida** | Date case filed for chapter 13 | **2/4/20** |
| Case number: | **8:20–bk–00966–MGW** | | |

Official Form 309I
# Notice of Chapter 13 Bankruptcy Case                                    12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Angela Patricia Cox | |
| 2. | **All other names used in the last 8 years** | aka Angela P. Cox, aka Angela Cox | |
| 3. | **Address** | 528 Orange Cosmos Boulevard<br>Davenport, FL 33837 | |
| 4. | **Debtor's attorney**<br>Name and address | Jeffrey S Hochfelsen<br>Law Office of Paul A. Krasker, P.A.<br>1615 Forum Place, 5th Floor<br>West Palm Beach, FL 33401 | Contact phone 561–328–2291<br><br>Email: bkry@kraskerlaw.com |
| 5. | **Bankruptcy Trustee**<br>Name and address | Kelly Remick<br>Chapter 13 Standing Trustee<br>Post Office Box 6099<br>Sun City, FL 33571 | Contact phone (813) 658–1165 |
| 6. | **Bankruptcy Clerk's Office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | Sam M. Gibbons United States Courthouse<br>801 North Florida Avenue, Suite 555<br>Tampa, FL 33602 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM<br><br>Contact phone 813–301–5162<br><br>Date: February 5, 2020 |

**For more information, see page 2**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073-1 restricts the entry of personal electronic devices into the Courthouse. | **March 10, 2020 at 02:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>*** Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. *** | **Location:**<br>Room 100-A, 501 East Polk St., (Timberlake Annex), Tampa, FL 33602 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: May 11, 2020** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: April 14, 2020** |
| | **Deadline for governmental units to file a proof of claim:** | **For a governmental unit: 180 days from the date of filing** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be filed online at the Court's website at www.flmb.uscourts.gov, or obtained at www.uscourts.gov or at any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.<br>**Attention Mortgage Holders:** Attachments to your Proof of Claim may be required by changes to Rule 3001. Forms and attachments are available at at www.uscourts.gov. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan, hearing on confirmation of plan** | The plan will be sent separately. The initial confirmation hearing will be held on:<br>**April 6, 2020** at **01:30 PM**, Location: **Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602**<br><br>Debtors and their attorneys are not required to attend the Initial Confirmation Hearing because, in most cases, the Initial Confirmation Hearing will be continued to a date after the deadline for filing proofs of claim. However, the Court will hear and may rule on motions and objections that are separately noticed for hearing for the same time as the Initial Confirmation Hearing.<br>Local Rule 5073-1 restricts the entry of electronic devices and mobile phones into the Courthouse. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |
| **14. Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1-866-222-8029. | |